UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADELINA P. MONTY, DDS, | Case No. 20-CV-1916 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER REMANDING CASE |
| PATTERSON DENTAL SUPPLY, INC., PATTERSON COMPANIES, INC., DENTSPLY SIRONA, INC., and SCOTT H. COLEMAN, DDS, | |
| Defendants. | |

Adelina Monty, a Texas resident, filed this action in Texas state court against Defendants for damages caused by defective dental equipment. (ECF No. 1-2.) Defendants are: Scott Coleman, DDS, also a Texas resident; Dentsply Sirona, Inc. ("Dentsply"); and Patterson Dental Supply, Inc. and Patterson Companies, Inc. (together, "Patterson Defendants"). The Patterson Defendants removed the action to federal court based on diversity jurisdiction, and the Texas court transferred it here, where this Court ordered briefing on the issue of the Court's subject-matter jurisdiction. (ECF No. 71, 73.) The Patterson Defendants' sole argument for jurisdiction is that Texas defendant Scott Coleman was improperly joined. The Court rejects the argument and finds that it lacks subject-matter jurisdiction over this action.

# BACKGROUND

## I. Monty's Original Complaint Allegations

Monty, a dentist and resident of Texas, entered into a Sales Agreement with the Patterson Defendants and purchased various "CEREC" dental products manufactured by Dentsply. (ECF No. 1-2 ("Pet.") ¶¶ 3, 12, 14.) She also entered into a "CEREC Club Agreement" for technical support and maintenance provided by the Patterson Defendants. (*Id.* ¶ 15.) Monty's CEREC products had serious problems and defects, and despite Monty's repeated complaints, the Patterson Defendants were not able to correct the issues (*Id.* ¶¶ 17–21, 26–27.) The Patterson Defendants' alleged agent, Scott H. Coleman, DDS, conducted a training meeting for Monty's team in October 2017, but Monty continued to have problems with the CEREC products. (*Id.* ¶¶ 21–23.) Monty alleges that she incurred economic damages as a result of the defective CEREC products. (*Id.* ¶¶ 24–25, 27.)

## II. Relevant Procedural History

On March 3, 2020, Monty filed this action against the Defendants in the 125th Judicial District Court, Harris County, Texas, alleging violations of the Texas Deceptive Trade Practices Act ("Texas DTPA"), breach of contract, fraud, and breach of implied warranty of merchantability. (Pet. ¶¶ 28–57; ECF No. 1 at 1.) The Patterson Defendants are Minnesota corporations. (Pet. ¶¶ 4–5.) Dentsply is incorporated under the laws of

Delaware and has its principal place of business in North Carolina.[1] (ECF No. 1 ¶ 7; ECF No. 79 ¶ 4.) Coleman resides in Texas. (Pet. ¶ 7.)

After service on all defendants, the Patterson Defendants removed the case to the United States District Court for the Southern District of Texas on the basis of diversity jurisdiction, alleging that Coleman was improperly joined. (ECF Nos. 1, 1-3.) The Patterson Defendants then quickly moved for transfer of venue to the District of Minnesota based on the venue selection clause in the Sales Agreement. (ECF Nos. 6, 6-1.) Monty filed her First Amended Complaint in June. (ECF No. 20 ("FAC").) In September, the Southern District of Texas granted to the motion to transfer venue without addressing the issue of subject-matter jurisdiction. (ECF No. 38.)

Once the case was in Minnesota, Dentsply filed a motion to dismiss. (ECF No. 47.) A few days later, Monty filed a motion to amend the complaint, which is currently pending before Magistrate Judge David T. Schultz. (ECF Nos. 55, 56.) The Court ordered the parties to brief the issue of subject-matter jurisdiction and heard oral argument on that issue together with Dentsply's motion to dismiss. (ECF Nos. 73, 80.)

---

[1] While Monty alleges that Dentsply is a New York corporation, Dentsply denies this allegation. (*Compare* Pet. ¶ 12, *with* ECF No. 8 ¶ 6.) Either way, it does not affect the Court's analysis.

3

## ANALYSIS

### I. Subject-Matter Jurisdiction

The Court first considers whether it has subject-matter jurisdiction over this case. *See Missouri ex rel. Mo. Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997) (holding that a court has a duty to raise the issue of subject-matter jurisdiction *sua sponte* even where the parties do not dispute it). The burden of proving subject-matter jurisdiction remains on the party seeking to establish it. *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). Here, the Patterson Defendants removed this case from Texas state court, and thus bear the burden of proof.

Removal of a case to federal court is appropriate only if the action originally could have been filed there. 28 U.S.C. § 1441(a); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (citations omitted). Where, as here, removal is based on diversity jurisdiction, the Court has subject-matter jurisdiction only if the parties were completely diverse when the case was filed in state court and removed to federal court.[2] *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). Thus, the Court

---

[2] The Court notes that a civil action removable solely based on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). Because Monty did not object to removal based on this "forum-defendant rule," the objection is waived. *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (holding "violation of the forum-defendant rule is a nonjurisdictional defect in removal that is waived if not raised in '[a] motion to remand . . . made within 30 days after the filing of the notice of removal.'") (citing 28 U.S.C. § 1447(c)).

considers factual allegations in Monty's original complaint, and must resolve "all doubts in favor of remand to state court." *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020).

The Patterson Defendants assert that the Court has subject-matter jurisdiction over this case based on diversity jurisdiction, which vests district courts with original jurisdiction over civil cases where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity," which means that no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Junk*, 628 F.3d at 445. The Patterson Defendants removed this action asserting that Monty pleads more than $75,000 in damages, and that complete diversity exists because Coleman is improperly joined, and the remaining defendants would be completely diverse. (ECF No. 1 ¶¶ 18–20.) Monty maintains that complete diversity does not exist here because both she and Coleman are residents of Texas, and Coleman is properly joined. (ECF No. 75 at 4; Pet. ¶¶ 3, 7.)

Thus, the parties agree that subject-matter jurisdiction turns on whether Coleman was improperly—or fraudulently—joined.[3] To prove that a plaintiff improperly joined a

---

[3] The Court uses the term "improper joinder" to replace the term "fraudulent joinder," because it better reflects the nature of the procedure in the absence of allegations of deceptive behavior. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc) (adopting the term "'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder'," noting "there is no substantive difference between the two terms"); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752,

diversity-destroying defendant, a defendant seeking removal must prove that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). Joinder is not improper where there is "'arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (citing *Filla*, 336 F.3d at 811). Because courts "do not focus on the artfulness of the plaintiff's pleadings," the Patterson Defendants must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" to establish improper joinder. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (citation and quotation marks omitted). The question before the Court is whether Monty's claims against Coleman under common law fraud and the Texas DTPA are arguably reasonable under this standard.

### A. Fraud Claim

The Patterson Defendants maintain that the fraud claim against Coleman does not assert any facts supporting a contention that Coleman (1) made a representation that he knew or should have known was false, or (2) intended to defraud Monty. (ECF No. 76

---

763 n.9 (7th Cir. 2009) (noting that "the term 'fraudulent joinder' is a bit of a misnomer—the doctrine requires neither fraud nor joinder"); *Beattie v. Wells Fargo Bank, N.A.*, No. 4:09-CV-00037-JEG, 2009 WL 10703097, at *3 n.4 (S.D. Iowa July 2, 2009) (adopting the term "improper joinder") (citing *Smallwood*, 385 F.3d at 571 n.1).

at 8–9.) Under Texas law,[4] a fraud claim requires: (1) a material representation of fact; (2) the representation was false; (3) when the defendant made the representation, he either knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) he made it with the intention that it should be acted upon by the party; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff thereby suffered injury. *Chambers*, 709 S.W.2d at 224. Where a complaint alleges fraud, the plaintiff "must state with particularity the circumstances constituting fraud or mistake" but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). While knowledge and intent may be alleged generally, "'generally' is a relative term. Rule 9(b) does not give a pleader license to evade the less rigid—though still operative—strictures of Rule 8." *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch.*, 851 F.3d 800, 804 (8th Cir. 2017) (cleaned up).

---

[4] The Court applies Texas law to the fraud claim against Coleman, as the Patterson Defendants relied on Texas law as the basis for removing this action from Texas state court. (*See* ECF No. 1 ¶¶ 15–16 (citing Texas state law on fraud, including *Chambers v. Huggins*, 709 S.W.2d 219, 224 (Tex. Ct. App. 1986).) Monty likewise relies on Texas law in addressing the fraud claim. (*See* ECF No. 75 at 6–9 (citing Notice of Removal ¶¶ 15–19 and Texas state and federal law).) While the Patterson Defendants now assert that Minnesota substantive law applies because the Sales Agreement contains Minnesota choice-of-law provisions, it is undisputed that Coleman was not a party to that agreement. (ECF No. 76 at 3 n.1.) Moreover, the Patterson Defendants acknowledge that no substantive differences exist between the applicable Texas and Minnesota law. (*Id.*; *see id.* at 7–10 (citing Texas state law and Minnesota state and federal law to fraud claim against Coleman).)

The original complaint alleges that "Coleman, individually and as an agent of the Patterson Defendants, made material and false representations relating to the benefits of the CEREC training and the benefits and uses of the Celtra Duo material," made such representations recklessly without knowledge of their truth, "knew or should have known, the statements were false" when made, and made the representations with the intent that Monty rely and act on them. (Pet. ¶¶ 48–50.) More specifically, in response to Monty's complaints to the Patterson Defendants about serious problems and defects with the CEREC products, the Patterson Defendants suggested that training would alleviate her problems with the CEREC products. (*Id.* ¶¶ 17–18, 21.) In October 2017, Monty sent her team to train with Coleman—an alleged agent of the Patterson Defendants—at which point he instructed Monty's team to use "Celtra Duo" to create molar crowns instead of a CEREC Zirconia blocks that had been breaking down during the milling process. (*Id.* ¶¶ 22–23.) Coleman allegedly explained that "although Celtra Duo had only 10% Zirconia, it was stronger than e.max and just as strong as full Zirconia crowns." (*Id.* ¶ 23; *see id.* ¶ 17(d) (alleging Celtra Duo is "Zirconia-reinforced Lithium Silicate" and e.max is "cosmetic glass ceramic used for front teeth").) Monty allegedly acted and relied on Coleman's directive to use Celtra Duo, and his statements caused her to suffer damages, including replacing patients' broken crowns that had been made with Celtra Duo. (*Id.* ¶¶ 23–24, 51–52.)

Monty maintains that the "obvious implication" of these alleged facts show that she has an arguable basis for her claim against Coleman. (ECF No. 75 at 7 (quoting *CSM Corp. v. HRI Lodging, LLC*, No. 18-CV-2278 (SRN/HB), 2019 WL 1118520, at *3 (D. Minn. Mar. 11, 2019)).) Her original complaint alleges details regarding the content of the alleged misrepresentations, who made them, and when and how they were made. *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) ("Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how'" of the fraud) (quotation omitted). The fact that Monty could have worded her complaint better is of no moment, as the improper joinder standard "turns on whether [Monty] might have a 'colorable' claim against [Coleman], not on the artfulness of [her] pleadings."[5] *CSM Corp.*, 2019 WL 1118520, at *3 (quoting *Junk*, 628 F.3d at 446).

The Patterson Defendants also contend that the economic-loss doctrine bars Monty's fraud claim against Coleman. The economic-loss doctrine is "'[t]he principle that a plaintiff cannot sue in tort to recover for purely monetary loss—as opposed to physical injury or property damage—caused by the defendant.'" *Ptacek v. Earthsoils, Inc.*, 844 N.W.2d 535, 538 (Minn. Ct. App. 2014) (quoting *Black's Law Dictionary* 590 (9th ed. 2009)). This doctrine generally requires parties to contracts to sue under contract principles if they have sustained purely monetary loss. *Id.*; *see Heil Co. v. Polar Corp.*, 191 S.W.3d 805,

---

[5] To be clear, the Court expresses no opinion as to whether the fraud claim against Coleman would survive a motion to dismiss or motion for summary judgment. The claim is before the Court on neither of these standards.

9

815 (Tex. Ct. App. 2006) ("[M]ere nonfeasance under a contract creates liability only for breach of contract."). "Thus, tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a breach of contract claim." *Heil Co.*, 191 S.W.3d at 815 (citations omitted).

The Patterson Defendants argue that Monty's complaint does not distinguish between damages caused by the Patterson Defendants' alleged breach of contract and those that were caused by Coleman's alleged fraud, and thus only seeks economic damages. (*See* Pet. ¶¶ 44, 52 (alleging the breach of contract and Coleman's statements caused Monty "to suffer actual and consequential damages")). But it is undisputed that Coleman was not a party to the contract at issue, and Monty does not assert a breach of contract action against Coleman. *See Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. CIV.A. H-09-3828, 2010 WL 1996596, at *12 n.10 (S.D. Tex. May 17, 2010) (concluding that economic loss rule did not apply to fraud claim against defendant who was not a party to the contract at issue). Resolving all doubts in favor of remand, the Court cannot find that no reasonable basis in fact and law exists to support Monty's fraud claim against Coleman.[6] As such, the Court finds that Coleman was not improperly

---

[6] Having found that Monty has an arguably reasonable basis for her fraud claim against Coleman, the Court need not address the parties' arguments based on the Texas DTPA claim against Coleman, the Patterson Defendants' alleged failure to allege citizenship, or Coleman's alleged failure to consent to removal.

joined. Because Coleman's presence destroys complete diversity, the Court lacks subject-matter jurisdiction over this case.

### B. *Remand*

The Court does not have subject-matter jurisdiction over this case, and therefore must remand the case to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Monty asks that the Court remand the case to the Texas state court in which she filed her original complaint. (ECF No. 75 at 11.) The Patterson Defendants ask that the Court remand the case to Minnesota state court based on the choice of venue provision of Sales Agreement. (ECF No. 76 at 14 (citing no legal authority).) "Federal district judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state, let alone to courts of another state, regardless of jurisdiction, venue, and efficiency considerations that might favor that action." 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3739 & n.14 (Rev. 4th ed. 2020) (collecting cases); *see Allied Signal Recovery Tr. v. Allied Signal, Inc.*, 298 F.3d 263, 270 (3d Cir. 2002) ("'Remand' means 'send back.' It does not mean 'send elsewhere.'") (citation omitted); *Retterath v. Homeland Energy Sols.*, No. 4:14-CV-00158-JEG, 2014 WL 7776705, at *10 (S.D. Iowa Dec. 24, 2014) (explaining that a district court "does not have authority to 'remand' a case to a stranger court") (quoting *Allied*, 298 F.3d at 270). At least one other district court in the Eighth Circuit has declined a defendant's request to remand a case to a venue

11

other than the originating state court. *See Bailey v. Geico Cas. Co.*, No. 16-00743-CV-W-SWH, 2016 WL 9414122, at *2 (W.D. Mo. Dec. 2, 2016) (rejecting defendant's request to remand to a different Missouri circuit court). For these reasons, the Court denies the Patterson Defendants' request to remand this case to the Minnesota state court, and remands the case to the District Court for the 125th District of Harris County, Texas.

## II.     Dentsply's Motion to Dismiss

Dentsply moves to dismiss the claims against it in the First Amended Complaint (ECF No. 47.) Because the Court is remanding the case for lack of subject-matter jurisdiction, it cannot address the merits of the motion and denies it as moot. *See Vincent v. Dakota, Minn. & E. R.R. Corp.*, 200 F.3d 580, 582 (8th Cir. 2000) (explaining that "because the district court remanded for a lack of subject matter jurisdiction, it lacked jurisdiction to make any substantive rulings, and thus, no rulings of the federal court have any preclusive effect on the substantive matters before the state court.") (quotation omitted).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, the Court concludes that it does not have subject-matter jurisdiction over this case. Therefore, IT IS HEREBY ORDERED THAT:

1. The case is REMANDED to the District Court for the 125th District of Harris County, Texas; and

2. Defendant Dentsply Sirona, Inc.'s Motion to Dismiss (ECF No. 47) is DENIED AS MOOT.

Dated: February 1, 2021                           BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge